UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BAPTIST HEALTH SOUTH FLORIDA, INC.,

    Plaintiff,

v.

LEAL MEDICAL CENTER, LLC,

    Defendant.

_____/

Civil Action No.

## COMPLAINT

Plaintiff, Baptist Health South Florida, Inc. (the "Baptist"), by and through its undersigned attorneys, for its complaint against Defendant, Leal Medical Center, LLC ("Leal" and "Defendant"), alleges as follows:

### NATURE OF THE ACTION

1.    Baptist brings this action against Leal for trademark infringement, false designation and trademark dilution under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c), as well as unfair competition by infringement of common law rights and cancelation of Leal's Florida trademark registration pursuant to Fla. Stat. § 495.101.

### PARTIES AND JURISDICTION

2.    Plaintiff, Baptist, is a not-for-profit corporation with its principal place of business at 6855 Red Road, Suite 600, Coral Gables, Florida 33143. Baptist owns and operates numerous hospitals and medical facilities in and around South Florida.

3. Upon information and belief, Defendant, Leal, is a Florida limited liability company with its principal place of business at 632 Washington Avenue, Homestead, Florida 33030. Leal operates a medical facility in South Florida.

4. This Court has original jurisdiction over the claims arising under the Lanham Act pursuant to 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121.

5. This Court has jurisdiction over the unfair competition claim asserted herein under the provisions of 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 et seq.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

7. This Court has personal jurisdiction over Defendant because Leal is located and committed tortious acts in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

8. Baptist is the owner of numerous trademark registrations, including registrations for its logo, which bear U.S. Registration Nos. 3,721,373 and 3,724,861 (collectively referred to as the "Baptist Logo"). Copies of the Registration Certificates are attached as composite Exhibit A.

9. Baptist began using the Baptist Logo in 1995 and the mark was registered in 2009.

10. The Baptist Logo consists of a green and white pineapple, which it uses on, among other things, all of its buildings, vehicles and promotional materials:



11. Accordingly, the Baptist Logo is very closely associated in the public's mind with Baptist and its many affiliated entities.

12. Leal, without authorization or consent, is using a mark confusingly similar to the Baptist Logo to advertise its medical center.

13. Specifically, Leal is using a logo with a pineapple and a green color scheme:



14. Upon information and belief, in December 2013, with full knowledge of the Baptist Logo, Leal applied for and obtained from the State of Florida a state trademark registration for its infringing pineapple logo. In its application, Leal failed to disclose the pre-existing Baptist Logo.

15. Leal is located in Homestead, Florida near Baptist's Homestead Hospital.

16. Baptist sent letters to Leal on October 15, 2014, November 7, 2014, December 18, 2014 and January 30, 2015, demanding that it cease using its mark that is confusingly similar to the Baptist Logo. Notwithstanding those letters, Leal has refused to discontinue use of its infringing logo.

17. In addition, on or about April 23, 2015, Leal placed flyers with its infringing logo on cars parked in Baptist's parking lot to advertise its medical facility.

18. Leal's use of a logo confusingly similar to the Baptist Logo to advertise and promote its medical center in the same geographical area as Baptist constitutes, among other things, trademark infringement and unfair competition.

19. Further, Leal's unauthorized and unlicensed use of its confusingly similar logo is a

false designation of origin and has caused dilution of the Baptist Logo.

20. The unlawful activities of Leal have resulted in and will continue to cause irreparable harm and injury to Baptist. Among other harms, these acts are likely to confuse consumers into believing that Baptist endorses Leal and/or that Baptist and Leal are affiliated, which is patently false. The potential for confusion and resulting harm is particularly clear in this case where the infringing activities are occurring so close to Baptist's Homestead Hospital.

21. Upon information and belief, all of the misconduct complained of herein was knowing, intentional, willful and committed with knowledge of and in blatant disregard of Baptist's rights.

## COUNT I – TRADEMARK INFRINGEMENT

22. Plaintiff repeats and reincorporates the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

23. Leal's actions constitute unlawful trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a).

24. The Baptist Logo is a registered trademark owned by Baptist.

25. Leal is using a logo that is confusingly similar to the Baptist Logo to advertise and promote its medical center.

26. Leal's unauthorized use of a confusingly similar logo in commerce has created and will continue to create a likelihood of confusion by leading consumers to believe that Baptist endorses Leal and/or that Baptist and Leal are affiliated.

27. Leal's acts are in knowing and willful violation of Baptist's rights under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), making this an exceptional case within the meaning of 15 U.S.C. § 1117.

28. These unlawful activities of Leal have resulted in and will continue to result in irreparable harm and injury to Baptist.

WHEREFORE, Plaintiff, Baptist, requests entry of judgment against Leal, which provides for an award of attorneys' fees and costs, permanent injunctive relief, and such other relief as this Court deems appropriate.

## COUNT II – TRADEMARK DILUTION

29. Plaintiff repeats and reincorporates the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

30. Leal's actions constitute unlawful trademark dilution in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

31. The Baptist Logo is a "famous mark" within the meaning of the Lanham Act and was famous prior to Leal's conduct as alleged herein.

32. Leal's use of a logo confusingly similar to the Baptist Logo for commercial advertising purposes dilutes the distinctive quality of the mark, and was done with the willful intent to trade on Baptist's reputation.

33. Leal's unauthorized use of a logo confusingly similar to the Baptist Logo in connection with its medical center was done with notice and full knowledge that such use was not authorized or licensed by Baptist.

34. Leal's acts are in knowing and willful violation of Baptist's rights under section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), making this an exceptional case within the meaning of 15 U.S.C. § 1117.

35. These unlawful activities of Leal have resulted in and will continue to result in irreparable harm and injury to Baptist.

WHEREFORE, Plaintiff, Baptist, requests entry of judgment against Leal, which provides for an award of attorneys' fees and costs, permanent injunctive relief, and such other relief as this Court deems appropriate.

## COUNT III – FALSE DESIGNATION OF ORIGIN

36. Plaintiff repeats and reincorporates the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

37. Leal's actions constitute false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38. Leal is using a logo confusingly similar to Baptist's in order to advertise its own medical services.

39. Leal's use of its logo is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection or association of Leal with Baptist and as to the origin, sponsorship or approval of such medical services.

40. Leal's acts are in knowing and willful violation of Baptist's rights under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), making this an exceptional case within the meaning of 15 U.S.C. § 1117.

41. These unlawful activities of Leal have resulted in and will continue to result in irreparable harm and injury to Baptist.

WHEREFORE, Plaintiff, Baptist, requests entry of judgment against Leal, which provides for an award of attorneys' fees and costs, permanent injunctive relief, and such other relief as this Court deems appropriate.

## COUNT IV – UNFAIR COMPETITION

42.     Plaintiff repeats and reincorporates the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

43.     Leal's actions constitute unfair competition and an infringement of Baptist's common-law rights in the Baptist Logo.

44.     Continuously since 1995, Baptist has been using the Baptist Logo to identify its services and to distinguish itself from others by, among other things, prominently displaying the Baptist Logo on its buildings and promotional materials.

45.     Through its association with Baptist's medical services, the Baptist Logo has acquired special significance because the Baptist Logo is inherently distinctive and also has acquired secondary meaning.

46.     Leal is using a confusingly similar logo to identify its own medical services in the same trade area as Baptist.

47.     Leal's unauthorized use of a confusingly similar logo has created and will continue to create confusion by leading consumers to believe that Baptist endorses Leal and/or that Baptist and Leal are affiliated.

48.     These unlawful activities of Leal have resulted in and will continue to result in irreparable harm and injury to Baptist.

WHEREFORE, Plaintiff, Baptist, requests entry of judgment against Leal, which provides for an award of attorneys' fees and costs, permanent injunctive relief, and such other relief as this Court deems appropriate.

ISICOFF, RAGATZ & KOENIGSBERG, 1200 Brickell Avenue, Suite 1900, Miami, Florida 33131 Tel: 305.373.3232, Fax: 305.373.3233

## COUNT V – CANCELATION OF TRADEMARK REGISTRATION

49. Plaintiff repeats and reincorporates the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

50. Leal's State of Florida Trademark Registration No. T14000000017, is subject to cancelation pursuant to Fla. Stat. § 495.101, based on a likelihood of confusion with the Baptist Logo.

51. Leal is using a confusingly similar logo to identify its own medical services in the same trade area as Baptist.

52. Leal's unauthorized use of a confusingly similar logo has created and will continue to create confusion by leading consumers to believe that Baptist endorses Leal and/or that Baptist and Leal are affiliated.

53. These unlawful activities of Leal have resulted in and will continue to result in irreparable harm and injury to Baptist.

WHEREFORE, Plaintiff, Baptist, requests entry of judgment against Leal, which provides for cancelation of Leal's State of Florida Trademark Registration No. T14000000017 and such other relief as this Court deems appropriate.

Dated: May 6, 2015          Respectfully submitted,

Eric D. Isicoff
Fla. Bar No. 372201
Isicoff@irlaw.com
Carolina A. Latour
Florida Bar No. 32412
Latour@irlaw.com
ISICOFF, RAGATZ & KOENIGSBERG
1200 Brickell Avenue
Suite 1900
Miami, Florida 33131
Tel.: (305) 373-3232
Fax: (305) 373-3233
*Attorneys for Plaintiff, Baptist Health South Florida, Inc.*